IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARQUEZ LASTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:20-CV-442-WKW |
| ) | [WO] |
| WALLY OLSON and STATE OF ) | |
| ALABAMA, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff, while an inmate at Dale County Jail, filed this action in June 2020. On June 29, 2020, the court ordered Plaintiff to file an amended complaint and gave specific instructions for how to cure his pleading deficiencies. (Doc. # 4.) The order advised Plaintiff that his failure to comply with the court's directives would result in the dismissal of this action without prejudice. The time allotted to Plaintiff for filing an amended complaint has long expired, and dismissal is warranted.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). More than seventeen months have passed since the deadline for Plaintiff to file an amended complaint, and Plaintiff has filed nothing. The court finds that Plaintiff has willfully failed to comply with the June 29, 2020 Order.

Having reviewed the file to determine whether a measure less drastic than dismissal is appropriate, the court concludes that dismissal is the proper course of action. Plaintiff is an indigent individual so the imposition of monetary or other punitive sanctions against him would be ineffectual. Plaintiff's inaction demonstrates that he does not seek to proceed with this case. It, therefore, appears that any additional effort to secure his compliance would be unavailing.

Consequently, Plaintiff's failure to comply with an order of this court and his abandonment of his claims warrant dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of an inmate's 42 U.S.C. § 1983 action for failure to file an amendment to the complaint in compliance with the court's prior order directing amendment and warning of the consequences for a failure to comply).

For the above stated reasons, Plaintiff's 42 U.S.C. § 1983 action is DISMISSED without prejudice.

A final judgment will be entered separately.

DONE this 29th day of December, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE